Nettie Weininger v. Commissioner.
Weininger v. Commissioner
Docket No. 57070.
United States Tax Court
T.C. Memo 1957-175; 1957 Tax Ct. Memo LEXIS 76; 16 T.C.M. (CCH) 786; T.C.M. (RIA) 57175; September 20, 1957
*76 Eugene O. Cobert, Esq., 50 Broad Street, New York, N. Y., for the petitioner. William F. Chapman, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined that petitioner is liable to the extent of $7,000 as transferee of property of Samuel and Dinah Miller for the following taxes and additions to tax for fraud due and owing by them: Additions to Tax
Year
Tax
(Sec. 293(b))
1943
$14,350.94
$7,175.47
1944
8,067.16
4,033.58
1945
15,672.24
7,836.12
The principal issue is whether the petitioner is liable at law or in equity for unpaid income taxes and additions to tax for fraud, to the extent of $7,000, as transferee of property of Samuel and Dinah Miller. If the first issue is decided in favor of the Government, a second issue is whether the Commissioner is barred by the statute of limitations from assessing such transferee liability against petitioner. Findings of Fact Some of the facts have been stipulated and are incorporated herein by reference. Petitioner, a resident of Brooklyn, New York, is the daughter of Samuel and Dinah Miller. For the years 1943, 1944 and 1945, there is a liability *77 for income taxes, and additions to tax for fraud, in excess of $7,000, due from Samuel and Dinah Miller, which has not been paid. This liability was assessed against Samuel and Dinah Miller on April 26, 1951. The deficiency notice, advising petitioner that $7,000 of that liability would be assessed against her as a transferee, was mailed on December 30, 1954. In February and March 1946, Samuel and Dinah Miller had assets sufficient to pay the amounts which they owed for income tax, and additions to tax for fraud, for the years 1943, 1944 and 1945. On February 20, 1946, Dinah purchased real estate at 6203 23rd Avenue, Brooklyn, New York, for $9,950. Petitioner was then married and was not getting along well with her husband. Dinah wanted petitioner to have the property as a place in which petitioner and her children might live. She feared, however, that petitioner's husband, who was financially irresponsible at the time, might make her borrow money on the house or "take the house away from her". She consulted an attorney who advised her to take back a mortgage on the property and give petitioner a satisfaction of the mortgage. The attorney told her that the satisfaction could be *78 held by petitioner and subsequently recorded when the fear of irresponsible acts by or influence on the part of the husband over petitioner had subsided. On February 28, 1946, the attorney prepared a deed, mortgage, and satisfaction of mortgage. The deed and satisfaction piece were signed by Dinah, and the mortgage was signed by petitioner. The mortgage instrument stated that it was given to secure the payment of an indebtedness of $7,000, to be paid in quarter annual installments of $50, commencing June 1st, 1946. On the way home from the attorney's office, Dinah gave the three documents to petitioner and told her she should have them recorded. She also told petitioner that she had bought the house for her; that she was taking the mortgage for petitioner's protection; that petitioner did not owe her any money and she did not expect to receive any money from her; and that she was giving the house to her as a gift. They decided that the satisfaction piece should not be recorded for a while, and petitioner returned it to her mother because she did not want her husband to see it or know anything about it. She told her mother that in due time she would follow her instructions and have *79 it recorded. The deed and mortgage were recorded in the office of the New York City Register on March 2, 1946. Dinah retained the satisfaction piece in her possession until sometime in 1948 when she returned to New York City after an absence of approximately a year. She then gave it back to petitioner and told her to have it recorded. In the early part of 1950 she asked petitioner if it had been recorded and petitioner replied that she had not done so - that it had "slipped" her mind. Her mother again told her to have it recorded, but after a search the petitioner could not find it. Her mother then had another satisfaction of mortgage prepared by an attorney which she signed and had recorded on April 12, 1950. On April 12, 1950, Samuel and Dinah Miller were insolvent, and their liabilities exceeded their assets by an amount in excess of $7,000. During the period February 28, 1946 to April 12, 1950, neither the petitioner nor any other person made any payments to Dinah Miller on account of the mortgage. Opinion RAUM, Judge: The burden of proving that the petitioner is liable to the extent of $7,000 as transferee of property of Dinah Miller is on the respondent. He contends *80 he has sustained this burden by evidence showing that in 1946 Dinah Miller transferred a house costing $9,950 to petitioner and took back a mortgage in the amount of $7,000; that on April 12, 1950, she signed and had recorded a Satisfaction of Mortgage; that on that date Dinah and Samuel Miller were insolvent; and that there was a tax liability due and owing by them in excess of $7,000. Although the matter is not completely free from doubt, we think that this prima facie case of transferee liability has been successfully rebutted by petitioner. Both she and her mother and the attorney who prepared the deed, mortgage, and the original Satisfaction of Mortgage testified at the trial. Their testimony discloses that Dinah Miller intended to give the petitioner her entire interest in the house in 1946; that at that time Dinah and Samuel Miller were solvent and able to pay the tax and additions to tax for fraud due from them for the years 1943, 1944 and 1945; that although the mortgage purports to have been given to secure the payment of a debt of $7,000, it was never expected or intended that petitioner would pay all or any part of that amount; that a Satisfaction of Mortgage, subsequently *81 lost or misplaced, was executed by Dinah Miller with the understanding that petitioner could have it recorded when she decided that the fear of irresponsible acts or influence on the part of her husband on her had subsided and that none of the quarterly payments of $50 specified in the mortgage was ever made by the petitioner or any other person to Dinah Miller. Although this evidence is not fully satisfying, we have concluded on the entire record to accept it as credible, and, as such, it establishes: (a) that no debt in fact existed in favor of Dinah Miller against petitioner during the period February 28, 1946 to April 12, 1950; (b) that there was never any intention to give the mortgage, or hold it, as security for any debt; and (c) that by executing and recording a Satisfaction of Mortgage on the latter date, Dinah Miller did not forgive any real indebtedness owing to her by petitioner, or transfer to petitioner without consideration any property of Dinah or Samuel Miller which the respondent had a right to look to for the payment of the tax liability due and owing by them. We hold that the petitioner is not liable as a transferee for any part of such liability. In view of our *82 conclusion on this issue, it becomes unnecessary to consider the arguments of the parties relating to the applicability of the statute of limitations. Decision will be entered for the petitioner.